IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KATHERYN BRADKE and CRAIG BRADKE,<br><br>              Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.; and TESTPAK, INC.,<br><br>              Defendants. | Civil No: 4:04-cv-70490<br><br><br>RULING DENYING MOTION TO DISMISS |

      Plaintiffs Katheryn and Craig Bradke bring claims against defendants Barr Laboratories, Inc. ("Barr Labs") and Testpak, Inc. ("Testpak") alleging a product defect caused wrongful pregnancy, wrongful birth, and loss of consortium. Testpak moves to dismiss each claim against it alleging that the claims were filed after the statute of limitations ran. Plaintiffs resist, and the motion is submitted.

      "A complaint is properly dismissed when it . . . is barred by the statute of limitations." Orlando v. Alamo, 646 F.2d 1288, 1289 (8th Cir. 1981) (citation omitted).

**ALLEGATIONS OF THE COMPLAINT**

      Plaintiffs allege in their first amended complaint that beginning March 6, 2003, Kathryn Bradke took oral contraceptive pills manufactured by Bell Labs and packaged by Testpak. They

allege that the packaging by Testpak was defective because the pills were placed in the wrong sequence.  Kathryn took the pills in this wrong sequence and became pregnant.  Kathryn learned she was pregnant May 29, 2003, and her doctor informed her the date of conception was May 7, 2003.  She learned in July 2003 that Bell Labs recalled specific lots of contraceptive pills and that the pills she had taken were part of the recall.  Kathryn gave birth to Aiden Bradke on January 17, 2004.  Aiden was born with a defect in his right ear.

## THE SUIT

Kathryn and Craig Bradke brought suit against Bell Labs in Iowa District Court on July 21, 2004.  Kathryn claims wrongful pregnancy or wrongful birth under theories of negligence, strict liability, and breach of express and implied warranties.  Craig claims loss of consortium as a result of Kathryn's injury.  Bell Labs removed the case to this court on September 8, 2004.  Discovery commenced, and plaintiffs represent that on June 28, 2005, they learned for the first time of Testpak's role in packaging the contraceptive pills.[1]  Plaintiffs then filed on December 15, 2005 their first amended complaint adding Testpak as a party.

---

[1] This matter is outside the pleadings, but is urged by plaintiffs in their resistance.

Testpak moves to dismiss contending that plaintiffs filed their claims against it outside of the applicable two-year statute of limitations.  Testpak asserts that plaintiffs' claims against it accrued either on May 29, 2003, the date the Bradkes learned Kathryn was pregnant, or in July 2003, the date they learned of the Barr Labs recall.  Plaintiffs resist, contending the claims did not accrue until either January 17, 2004, the date Aiden was born, or June 28, 2004, the date they say they learned of Testpak's role in the packaging of the contraceptive pills.

## DISCUSSION

Both parties agree, and I accept for the purposes of the motion, that the two-year statute of limitations set forth in Iowa Code § 614.1(2) applies to each of the Bradkes' claims.  The Bradkes, therefore, must have brought their claims against Testpak within two years after the claims accrued.  Iowa Code § 614.1(2).  The "discovery rule" operates to determine when a claim accrues under section 614.1(2).  Franzen v. Deere & Co., 334 N.W.2d 730, 732 (Iowa 1983).  A claim accrues on the date the injured party has "actual or imputed knowledge of all the elements of the action."  Id.  The Iowa Supreme Court's discussion in Langner v. Simpson, 533 N.W.2d 511, 517 (Iowa 1995), is instructive in this case.

Defendants equate perception of physical harm with

3

> imputed knowledge of its origin in malpractice. That is not the meaning of the discovery rule. Knowledge of an injury may or may not be sufficient to alert a reasonably diligent person to the basis of [the] claim, depending on the circumstances of the case.

Id. at 201. The Langer court evaluated the operation of the discovery rule in respect to a medical malpractice claim, but its guidance on applying the discovery rule is appropriate here.

When the Bradkes' causes of action accrued against Testpak, and the two-year statute of limitations began to run on those causes of action, cannot be determined in the context of plaintiffs' first amended complaint and Testpak's motion to dismiss. Such a determination must be resolved later, if not by a motion for summary judgment, then at trial.

Testpak's motion to dismiss is DENIED.

Dated this 2nd day of May, 2006.

HAROLD D. VIETOR
Senior U.S. District Judge

4